# EXHIBIT B

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/22/2022 3:31 PM**
**CLERK OF THE COURT**
**Patsy Baca**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

STEVEN GARCIA

       Plaintiff,

v.

ADAM DUNSTAN AND MOUNTAIN
STATES CRANE, LLC               No. D-202-CV-2021-06801

       Defendants.

v.

FEI FAITH ENTERPRISES, INC., FAITH
ENTERPRISES, INC., AND THE UNITED
STATES DEPARTMENT OF VETERANS
AFFAIRS D/B/A THE RAYMOND G.
MURPHY DEPARTMENT OF VETERANS
AFFAIRS MEDICAL CENTER

       Third-Party Defendants.

**THIRD-PARTY COMPLAINT AGAINST FEI FAITH ENTERPRISES, INC., FAITH**
**ENTERPRISES, INC., AND THE UNITED STATES**
**DEPARTMENT OF VETERANS AFFAIRS**

       Defendants, Mountain States Crane, LLC ("Mountain States") and Adam Dunstan

("Dunstan"), by and through their attorneys, Righi Fitch Law Group, PLLC, hereby submit this

Third-Party Complaint, and aver as follows:

       1.      FEI Faith Enterprises, Inc. is a foreign corporation with a principal place of business

located at 919 W Costilla St, Colorado Springs, CO 80905 and registered to conduct business in

New Mexico.

       2.      FEI Faith Enterprises, Inc. is registered to receive service of process at 2716 Garner

Road SW, Albuquerque, New Mexico, 87105.

3.      Faith Enterprises, Inc. is a foreign corporation principal place of business located at located at 919 W Costilla St, Colorado Springs, CO 80905  and registered to conduct business in New Mexico.

4.      Faith Enterprises, Inc. is registered to receive service of process at 2716 Garner Road SW, Albuquerque, New Mexico, 87105.

5.      The United States Department of Veterans Affairs is a Department of the U.S. Federal Government which is registered to receive service of process at its Office of General Counsel, Torts Law Group, located at 810 Vermont Ave. NW, Washington, DC 20420.

6.      United State Department of Veterans Affairs owns and operates the Raymond G. Murphy Department of Veterans Affairs Medical Center located at 1501 San Pedro Dr. SE in Albuquerque, Bernalillo County, New Mexico.

7.      At all times relevant, FEI Faith Enterprises, Inc., Faith Enterprises, Inc., the United States Department of Veterans Affairs, and the Raymond G. Murphy Department of Veterans Affairs Medical Center purposefully established significant contacts in New Mexico and have carried out/continue to carry out substantial, continuous, and systematic business and/or activities in Bernalillo County, New Mexico.

8.      Plaintiff, Steven Garcia, is resident of Bernalillo County, New Mexico.

9.      Mountain States is a limited liability corporation with a principal place of business in  in Bernalillo County, New Mexico.

10.     Adam Dunstan is an individual residing in Valencia County, New Mexico.

11.     Plaintiff filed a personal injury suit in the Second Judicial District Court of Bernalillo County, Case No. D-202-CV-2021-06801 arising out of a May 18, 2019 incident that took place at the Raymond G. Murphy Department of Veterans Affairs Medical Center located at

2

1501 San Pedro Drive SE, Albuquerque, New Mexico 87108. All well-plead averments contained in Plaintiff's Complaint, without admitting the truth of the averments, are incorporated herein by reference as Exhibit A.

12.     On March 18, 2022, Mountain States and Adam Dunstan (hereinafter collectively "Third-Party Plaintiffs") filed their Answer to Plaintiff's Complaint. A copy of the Answer is attached and incorporated herein by reference as Exhibit B.

13.     Third-Party Plaintiffs are permitted to file the instant Third-Party Complaint as a matter of right pursuant to N.M. R. Civ. P. Dist. Ct. 1-014(A) and the Federal Tort Claims Act.

14.     Third-Party Plaintiffs are not obligated to comply with the administrative exhaustion requirements of 28 U.S.C. § 2675(a) when asserting a Third-Party Complaint.

15.     At all times relevant, Third-Party Defendant, the United States Department of Veterans Affairs d/b/a, a/k/a the Raymond G, Murphy Department of Veterans Affairs Medical Center (hereinafter the "VA") contracted with FEI Faith Enterprises, Inc. and/or Faith Enterprises, Inc. (hereinafter collectively "Faith Enterprises") to serve as the prime contractor overseeing construction at the  Raymond G, Murphy Department of Veterans Affairs Medical Center (hereinafter the "Project").

16.     At all times relevant, Faith Enterprises sub-contracted steel-erection for the Project to AP Construction, LLC.

17.     At all times relevant, AP Construction, LLC leased a crane with an operator/oiler from Mountain States for work on the Project.

18.     Plaintiff was working as an ironworker for AP Construction on the Project at the time of the incident.

19.     Plaintiff alleges that he was injured when he was "struck by the ball of the crane" (the same being expressly denied) and fell approximately 18 – 20 feet. *See* Exhibit A, Complaint, ¶ 11.

20.     At or just before the time of the incident, Plaintiff was working at heights without proper fall protection.

21.     At or just before the time of the incident, the Project Manager for Faith Enterprises and the Contractor Representative for the VA were onsite and observed Plaintiff working in/under unsafe conditions, and failed to warn the Plaintiff, and/or endeavor to correct said unsafe/dangerous conditions.

22.     At all times relevant, Third-Party Defendants exercised supervision, direction, oversight, custody, care, and control over the subject Project and/or worksite.

23.     At all times relevant, the Third-Party Defendants were acting by and through their employees, servants, and/or agents within the course and scope of their employment, service, and agency.

24.     Third-Party Defendants owed a duty to ensure the safety of all individuals on the premises including the Plaintiff.

25.     As the owner and/or occupier of property, Third-Party Defendants must not permit an unsafe and/or hazardous condition to exist on its property.

26.     As the owner and/or occupier of property, Third-Party Defendants must correct and/or warn against any unsafe and/or dangerous condition on its property.

27.     As the prime contractor, Faith Enterprises, owed a non-delegable duty of safety to individuals working on the Project, including Plaintiff.

28.    As a contractor performing construction services, Faith Enterprises must comply with all applicable provisions of OSHA.

## COUNT I

### THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS D/B/A THE RAYMOND G. MURPHY DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – NEGLIGENCE

29.    Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

30.    For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

31.    The VA was negligent and/or careless in the following ways:

    a.  Failing to adequately ensure the safety of the worksite on their property;

    b.  Failing to provide plaintiff, a business invitee, with a safe place to access the premises;

    c.  Failing to adequately inspect their property for dangerous and hazardous conditions;

    d.  Failing to adequately implement any safety measures, plans, recommendations, designs, specifications, inspections, and safety procedures;

    e.  Breaching its duties under the restatement of the law of torts;

    f.  Failing to hire competent employees, safety inspectors, contractors, and subcontractors;

    g.  Failing to warn plaintiff, a business invitee, of the peculiar, dangerous, and unsafe conditions then in their existing at the project;

5

h.  Failing to adopt, enact, employ and enforce proper inadequate safety equipment, programs, precautions, procedures, measures, and plans;

i.  Failing to coordinate with other entities and subcontractors at the project;

j.  Failing to postpone work until proper and necessary precautions could be taken to safeguard those on the premises, including Plaintiff;

k.  Failing to ensure all workers were equipped with PPE

l.  Failing to warn Plaintiff of the unsafe and/or dangerous condition;

m.  Allowing Plaintiff onto the construction site without properly supervising him;

n.  Allowing Plaintiff to work at heights without fall protection;

o.  Allowing Plaintiff to place himself in an unsafe and/or dangerous position; and

p.  Permitting hazards to exist at the project.

32.  The alleged incident and/or injuries were the direct and proximate result of the VA's negligence, gross negligence, carelessness, and other liability producing conduct.

33.  As the owner of the property, the VA owed a duty of care to those entering the property, including Plaintiff.

34.  As the party responsible for the oversight, supervision, direction, care, and control of the work being performed at the time of the incident, the VA, owed a duty of care to those entering the worksite, including Plaintiff.

35.  The VA breached that duty of care by committing the careless and/or negligent acts and/or omissions as set forth herein and which may be discovered through additional investigation.

6

## COUNT II

## THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS D/B/A THE RAYMOND G. MURPHY DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER – CONTRIBUTION/INDEMNIFICATION

36.     Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

37.     For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

38.     Should the allegations in Plaintiff's Complaint be proven true, then Plaintiff's claimed damages were caused by the negligence, carelessness and/or other liability producing conduct of Third-Party Defendant, the VA  by and through their employees, agents, assigns, servants, and/or contractors.

39.     To the extent that Plaintiff's injuries were directly and/or proximately caused by any party's acts or omissions other than Plaintiff, then said incident was the result of the negligent and/or careless acts and/or omissions of Third-Party Defendant, the VA and/or its employees, agents, servants, contractors, and assigns.

40.     Should the allegations contained in Plaintiff's Complaint be proven true, the same being expressly denied, then the VA is liable on the causes of action asserted in Plaintiff's Complaint.

41.     In the event that Third-Party Plaintiffs are found liable based upon the allegations in the Complaint, liability for which is expressly denied, then the VA is liable to the Third-Party Plaintiffs for indemnification and/or contribution on the causes of action set forth in the Complaint.

## COUNT III

## FEI FAITH ENTERPRISES, INC. – NEGLIGENCE

42. Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

43. For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

44. FEI Faith Enterprises, Inc. was negligent and/or careless in the following ways:

a. Failing to adequately ensure the safety of the worksite;

b. Failing to provide plaintiff, a business invitee, with a safe place to work;

c. Failing to adequately inspect the property for dangerous and hazardous conditions;

d. Failing to adequately implement any safety measures, plans, recommendations, designs, specifications, inspections, and safety procedures;

e. Breaching its duties under the restatement of the law of torts;

f. Failing to hire competent employees, safety inspectors, contractors, and subcontractors;

g. Failing to warn plaintiff, a business invitee, of the peculiar, dangerous, and unsafe conditions then in their existing at the project;

h. Failing to adopt, enact, employ and enforce proper inadequate safety equipment, programs, precautions, procedures, measures, and plans;

i. Failing to coordinate with other entities and subcontractors at the project;

j. Failing to postpone work until proper and necessary precautions could be taken to safeguard those on the premises, including Plaintiff;

k. Failing to ensure all workers were equipped with PPE

8

l.  Failing to warn Plaintiff of the unsafe and/or dangerous condition;

m.  Allowing Plaintiff onto the construction site without properly supervising him;

n.  Allowing Plaintiff to work at heights without fall protection;

o.  Allowing Plaintiff to place himself in an unsafe and/or dangerous position; and

p.  Permitting hazards to exist at the project.

45.   The alleged incident and/or injuries were the direct and proximate result of FEI Faith Enterprises, Inc.'s negligence, gross negligence, carelessness, and other liability producing conduct.

46.   As the occupier of the property, FEI Faith Enterprises, Inc. owed a duty of care to those entering the property, including Plaintiff.

47.   As the party responsible for the oversight, supervision, direction, care, and control of the work being performed at the time of the incident, FEI Faith Enterprises, Inc., owed a duty of care to those entering the worksite, including Plaintiff.

48.   Third-Party Defendant, FEI Faith Enterpises, Inc.  breached that duty of care by committing the careless and/or negligent acts and/or omissions as set forth herein and which may be discovered through additional investigation.

49.   The negligent and/or caress acts and/or omissions of FEI Faith Enterprises, Inc. were the direct and/or proximate cause of the subject incident and/or Plaintiff's alleged injuries.

## COUNT IV

## FEI FAITH ENTERPISES, INC. – CONTRIBUTION/INDEMNIFICATION

50.   Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

51.     For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

52.     Should the allegations in Plaintiff's Complaint be proven true, then Plaintiff's claimed damages were caused by the negligence, carelessness and/or other liability producing conduct of Third-Party Defendant, FEI Faith Enterprises, Inc. by and through their employees, agents, assigns, servants, and/or contractors.

53.     To the extent that Plaintiff's injuries were directly and/or proximately caused by any party's acts or omissions other than Plaintiff, then said incident was the result of the negligent and/or careless acts and/or omissions of Third-Party Defendant, FEI Faith Enterprises, Inc. and/or its employees, agents, servants, contractors, and assigns.

54.     Should the allegations contained in Plaintiff's Complaint be proven true, the same being expressly denied, then Third-Party Defendant, FEI Faith Enterprises, Inc. is liable on the causes of action asserted in Plaintiff's Complaint.

55.     In the event that Third-Party Plaintiffs are found liable based upon the allegations in the Complaint, liability for which is expressly denied, then FEI Faith Enterprises, Inc. is liable to the Third-Party Plaintiffs for indemnification and/or contribution on the causes of action set forth in the Complaint.

COUNT V

FAITH ENTERPRISES, INC. – NEGLIGENCE

56.     Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

57.     For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

58.    Faith Enterprises, Inc. was negligent and/or careless in the following ways:

a.    Failing to adequately ensure the safety of the worksite;

b.    Failing to provide plaintiff, a business invitee, with a safe place to work;

c.    Failing to adequately inspect the property for dangerous and hazardous conditions;

d.    Failing to adequately implement any safety measures, plans, recommendations, designs, specifications, inspections, and safety procedures;

e.    Breaching its duties under the restatement of the law of torts;

f.    Failing to hire competent employees, safety inspectors, contractors, and subcontractors;

g.    Failing to warn plaintiff, a business invitee, of the peculiar, dangerous, and unsafe conditions then in their existing at the project;

h.    Failing to adopt, enact, employ and enforce proper inadequate safety equipment, programs, precautions, procedures, measures, and plans;

i.    Failing to coordinate with other entities and subcontractors at the project;

j.    Failing to postpone work until proper and necessary precautions could be taken to safeguard those on the premises, including Plaintiff;

k.    Failing to ensure all workers were equipped with PPE

l.    Failing to warn Plaintiff of the unsafe and/or dangerous condition;

m.    Allowing Plaintiff onto the construction site without properly supervising him;

n.    Allowing Plaintiff to work at heights without fall protection;

o.    Allowing Plaintiff to place himself in an unsafe and/or dangerous position; and

p.    Permitting hazards to exist at the project.

11

59.     The alleged incident and/or injuries were the direct and proximate result of Faith Enterprises, Inc.'s negligence, gross negligence, carelessness, and other liability producing conduct.

60.     As the occupier of the property, Faith Enterprises, Inc. owed a duty of care to those entering the property, including Plaintiff.

61.     As the party responsible for the oversight, supervision, direction, care, and control of the work being performed at the time of the incident, Faith Enterprises, Inc., owed a duty of care to those entering the worksite, including Plaintiff.

62.     Third-Party Defendant, Faith Enterprises, Inc.  breached that duty of care by committing the careless and/or negligent acts and/or omissions as set forth herein and which may be discovered through additional investigation.

63.     The negligent and/or caress acts and/or omissions of Faith Enterprises, Inc.  were the direct and/or proximate cause of the subject incident and/or Plaintiff's alleged injuries.

## COUNT VI

## FAITH ENTERPISES, INC. – CONTRIBUTION/INDEMNIFICATION

64.     Third-Party Plaintiffs hereby incorporate the foregoing paragraphs of this Third-Party Complaint as if the same were fully set forth at length herein.

65.     For the purposes of these claims only, Third-Party Plaintiffs incorporate, without admitting their truth, all well-plead allegations contained in Plaintiff's Complaint.

66.     Should the allegations in Plaintiff's Complaint be proven true, then Plaintiff's claimed damages were caused by the negligence, carelessness and/or other liability producing conduct of Third-Party Defendant, Faith Enterprises, Inc. by and through their employees, agents, assigns, servants, and/or contractors.

12

67.    To the extent that Plaintiff's injuries were directly and/or proximately caused by any party's acts or omissions other than Plaintiff, then said incident was the result of the negligent and/or careless acts and/or omissions of Third-Party Defendant, Faith Enterprises, Inc. and/or its employees, agents, servants, contractors, and assigns.

68.    Should the allegations contained in Plaintiff's Complaint be proven true, the same being expressly denied, then Third-Party Defendant, Faith Enterprises, Inc. is liable on the causes of action asserted in Plaintiff's Complaint.

69.    In the event that Third-Party Plaintiffs are found liable based upon the allegations in the Complaint, liability for which is expressly denied, then Faith Enterprises, Inc.  is liable to the Third-Party Plaintiffs for indemnification and/or contribution on the causes of action set forth in the Complaint.

## **PRAYER FOR RELIEF**

Third-Party Plaintiffs herein request that this Honorable Court enter judgment in their favor and against Third-Party Defendants, on these claims, inclusive of an award in an amount of any damages for which the Third-Party Plaintiffs may be found liable to Plaintiff as well as any costs, attorney's fees, and any/all other relief in law or equity determined by this Court.

## **JURY DEMAND**

Third-Party Plaintiffs hereby demand a jury of twelve (12) persons in the above matter. The deposit of the 12-person jury fee will be made simultaneously to this filing with the Clerk of Court.

**RIGHI FITCH LAW GROUP, P.L.L.C.**

By:    _/s/Anne L. Kemp_
Richard L. Righi
Chris H. Begeman
Anne L. Kemp

13

316 Osuna Road, Suite 202
Albuquerque, 87107

Phone: 602-385-6776
Fax: 602-385-6777
rick@righilaw.com
chris@righilaw.com
anne@righilaw.com
Attorneys for Defendant Mountain States
Crane, LLC and Adam Dunstan

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, I filed the foregoing Third-Party Complaint through the E file and serve system which all caused all parties or council record to be served by electronic means as more fully reflected on the notice of electronic filing.

**RIGHI FITCH LAW GROUP, P.L.L.C.**

By:  */s/Anne L. Kemp*
Richard L. Righi
Chris H. Begeman
Anne L. Kemp

# EXHIBIT A

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/3/2021 12:55 PM**
**CLERK OF THE COURT**
**Luke A Tessman**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN GARCIA,

     Plaintiff,

v.                                                        No. _____ D-202-CV-2021-06801

ADAM DUNSTAN AND MOUNTAIN
STATES CRANE LLC,

     Defendants.

## PLAINTIFF'S COMPLAINT FOR NEGLIGENCE AND *RESPONDEAT SUPERIOR*

COMES NOW Plaintiff, by and through his attorneys, Sutten Law Group, LLC (Richard W. Sutten and Anthony J. Chavez II), and for his Complaint for Negligence and *Respondeat Superior* states as follows:

### PARTIES AND JURISDICTION

1.      At all times material hereto, Plaintiff, Steven Garcia, was a resident of Bernalillo County, New Mexico.

2.      Upon information and belief, at all times material hereto, Defendant, Adam Dunstan ("Dunstan") was a resident of Bernalillo County, New Mexico, and an employee of Defendant, Mountain States Crane, LLC ("Mountain States").

3.      At all times material hereto Mountain States was a domestic limited liability company operating and doing business in Bernalillo County, New Mexico. Mountain States can be served through its registered agent, Lilian G. Apodaca, Bingham, Hurst & Apodaca, P.C., 2420 Comanche Road, NE, #H-6, Albuquerque, New Mexico 87107.

4.      The incident(s) giving rise to this cause of action occurred in Albuquerque, Bernalillo County, New Mexico.

5.     This Court has jurisdiction over this matter and the parties hereto, and venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

6.     Plaintiff incorporates paragraphs 1 through 5 herein pursuant to Rule 1-010(C) NMRA.

7.     On May 18, 2019, Plaintiff, a journeyman union ironworker, was erecting steel at the Raymond G. Murphy Department of Veterans Affairs Medical Center, 1501 San Pedro Drive, SE, Albuquerque, New Mexico 87108.

8.     After the last piece of steel had been placed for the day, Plaintiff assisted in the landing of a decking being placed on the building by a crane owned and operated by Mountain States.

9.     After the decking was landed on the building, Plaintiff attempted to disconnect the load from the crane boom cable.

10.     As Plaintiff was attempting to do so, Dunstan, who was operating the crane, boomed the crane without being signaled by anyone on the building to do so.

11.     Dunstan's actions resulted in Plaintiff being struck by the ball of the crane and knocked from the building, causing him to fall approximately 18 to 20 feet.

12.      Plaintiff's fall from the building rendered him unconscious and caused him significant injuries including, but not limited to, multiple fractures, tearing of tendons and a shoulder dislocation.

## COUNT I

## NEGLIGENCE AS TO DUNSTAN

13.     Plaintiff incorporates paragraphs 1 through 12 herein pursuant to Rule 1-010(C) NMRA.

14.     At all times material hereto, Dunstan owed a duty to exercise ordinary care for the safety of other workers on the job site, including Plaintiff.

15.     Dunstan breached his duty of care to Plaintiff through his actions outlined in the preceding paragraphs including, but not limited to, moving the crane without being advised it was safe to do so.

16.     As a direct and proximate result of Dunstan's breach of his duty, Plaintiff was injured and suffered damages.

## COUNT II

### *RESPONDEAT SUPERIOR* AS TO MOUNTAIN STATES

17.     Plaintiff incorporates paragraphs 1 through 16 herein pursuant to Rule 1-010(C) NMRA.

18.     Upon information and belief, Dunstan's negligent operation of the crane was done in the course and scope of his employment with Mountain States.

19.     Accordingly, Plaintiff has direct claims against Mountain States for Dunstan's negligent conduct under the doctrine of *respondeat superior*.

WHEREFORE Plaintiff prays for judgment against Defendants in an amount to be determined at trial and for such other and further relief as is just and proper.

3

Respectfully submitted,

SUTTEN LAW GROUP, LLC

Richard W. Sutten, Esq.
Anthony J. Chavez II, Esq.
8501 Candelaria Road, NE, Suite F-1
Albuquerque, New Mexico 87112
Telephone: (505) 990-7425
Facsimile: (877) 885-7425
Richard@SuttenLaw.com
Anthony@SuttenLaw.com
*Attorneys for Plaintiff*

4

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/3/2021 12:55 PM**
**CLERK OF THE COURT**
**Luke A Tessman**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN GARCIA,

      Plaintiff,

v.                       No. _____ D-202-CV-2021-06801

ADAM DUNSTAN AND MOUNTAIN
STATES CRANE LLC,

      Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW Plaintiff, by and through his attorneys, Sutten Law Group, LLC (Richard W. Sutten and Anthony J. Chavez II), and pursuant to the Second Judicial District Local Rules, Rule LR2-603, certifies he seeks relief of more than $25,000.00, exclusive of punitive damages, interest, and attorneys' fees.

Respectfully submitted,

SUTTEN LAW GROUP, LLC

Richard W. Sutten, Esq.
Anthony J. Chavez II, Esq.
8501 Candelaria Road, NE, Suite F-1
Albuquerque, New Mexico 87112
Telephone: (505) 990-7425
Facsimile: (877) 885-7425
Richard@SuttenLaw.com
Anthony@SuttenLaw.com
*Attorneys for Plaintiff*

# EXHIBIT B

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/10/2022 12:45 PM**
**CLERK OF THE COURT**
Andrea I Gutierrez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN GARCIA

      Plaintiff,

v.

ADAM DUNSTAN AND MOUNTAIN
STATES CRANE, LLC

      Defendants.

No. D-202-cv-2021-06801

## ANSWER TO COMPLAINT

Defendants, Mountain States Crane, LLC ("Mountain States") and Adam Dunstan ("Dunstan"), hereby submit their Answer to Plaintiff's Complaint, by and through their attorneys, Righi Fitch Law Group, PLLC (Richard L. Righi, Chris H. Begeman, and Anne L Kemp), and answer as follows:

## PARTIES AND JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. They are, therefore, denied. Defendants demand due proof at the time of trial.

2. It is admitted only that Adam Dunstan was a resident of Bernalillo County, New Mexico and only an employee of Mountain States Crane, LLC insofar as Mountain State Crane, LLC paid Adam Dunstan's wages. However, at all times material hereto, it is specifically averred that Adam Dunstan was operating under the direction, supervision and control of AP Construction and was therefore, the borrowed servant and/or borrowed employee of AP Construction.

3. In responding to Paragraph 3, Defendants admit the allegations therein.

4. In responding to Paragraph 4, Defendants admit the allegations therein.

5.   These allegations state conclusions of law to which no answer is required under the New Mexico Rules of Civil Procedure. They are, therefore, denied. Defendants demand due proof at the time of trial.

## FACTS COMMON TO ALL COUNTS

6.   Defendants incorporate, by reference, the preceding responses as though the same were set forth fully herein.

7.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. They are, therefore, denied. Defendants demand due proof at the time of trial.

8.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. They are, therefore, denied. Defendants demand due proof at the time of trial.

9.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. They are, therefore, denied. Defendants demand due proof at the time of trial.

10. In responding to Paragraph 10, Defendants deny the allegations therein.

11. In responding to Paragraph 11, it is denied that Dunstan's actions caused or contributed to Plaintiff's accident.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. They are, therefore, denied. Defendants demand due proof at the time of trial.

## COUNT 1

### NEGLIGENCE AS TO DUNSTAN

13. Defendants incorporate, by reference, the preceding responses as though the same were set forth fully herein.

14. In responding to Paragraph 14, Defendants deny the allegations therein.

15. In responding to Paragraph 15, Defendants deny the allegations therein.

16. In responding to Paragraph 16, Defendants deny the allegations therein.

## COUNT II

### RESPONDEAT SUPERIOR AS TO MOUNTAIN STATES

17. Defendants incorporate, by reference, the preceding responses as though the same were set forth fully herein.

18. It is specifically denied that Adam Dunstan was negligent.  It is further averred that at all times material hereto, Adam Dunstan was under the direction, supervision and control of AP Construction and was, therefore, the borrowed servant and/or borrowed employee of AP Construction.

19. In responding to Paragraph 19, Defendants deny the allegations therein.

WHEREFORE, Answering Defendants pray for judgment against Plaintiff on Plaintiff's Complaint together with whatever further relief this Court deems just and proper under the circumstances.

### **AFFIRMATIVE DEFENSES**

1.  Plaintiff's accident and/or injuries were directly and proximately caused, in whole or in part,  by Plaintiff's own negligent acts and/or omissions.

2.  Plaintiff assumed the risk of any and all injuries.

3

3.  Plaintiff's accident and/or injuries were caused by or contributed to by other unknown persons or parties over whom Defendants had no control or right of control.

4.  Plaintiff's accident and/or injuries were caused by or contributed to by other persons or entities who are not parties to this action.

5.  Defendants owed Plaintiff no duty of care.

6.  Plaintiff failed to mitigate damages.

7.  Plaintiff failed to exercise reasonable care to protect himself under the circumstances.

**RIGHI FITCH LAW GROUP, P.L.L.C.**

By:     /s/Anne L. Kemp
        Richard L. Righi
        Chris H. Begeman
        Anne L. Kemp
        316 Osuna Road, Suite 202
        Albuquerque, NM 87107
        Phone: 602-385-6776
        rick@righilaw.com
        chris@righilaw.com
        anne@righilaw.com
        *Attorneys for Defendant Mountain States*
        *Crane, LLC and Adam Dunston*